# Case No. 15,444.

### UNITED STATES v. The IRMA.

[12 Int. Rev. Rec. 42.]

District Court, S. D. New York. 1870.

VIOLATION OF REVENUE LAWS — OMISSIONS FROM MANIFEST.

[Libel of information for violation of the customs laws by importing goods not entered on the manifest, sustained as to the vessel and dismissed as to the master. Following The Queen, Case No. 16,107.]

[This was a libel against the bark Irma and John Cummins her master.]

William Stanley, Assist. U. S. Dist. Atty.

Ethan Allen, for master and claimant of vessel.

BLATCHFORD, District Judge. This case is very much like that of U. S. v. The Queen [Case No. 16,107], just decided. The informa-

tion was filed on the 18th day of July, 1869, by the district attorney, on behalf of the United States, against the bark Irma, and John Cummins, her master. It avers that on the 29th day of June, 1869, the collector of customs for the port and collection district of the city of New York seized on waters navigable from the sea by vessels of ten or more, tons burthen, within this district, the bark Irma, being within this district, for a forfeiture incurred under the revenue laws, and that the United States bring suit in that behalf against the vessel and her master in a cause civil and maritime of forfeiture for breach of the revenue laws of the United States.

The information sets forth that on the 23d of June, 1869, certain merchandise, which is specified, was imported and brought into the United States in the same vessel from Sagua la Grande, Cuba, a foreign place, and was on that day found in the said vessel, then being within the port of New York and within this district, and was not included in the manifest; and that the value of such goods not included in such manifest is $7,828, contrary to the 24th section of the act of March 2, 1799 (1 Stat. 646), and to the 25th section of the act of July 18, 1866 (14 Stat. 184); that thereby the master of the vessel forfeited and became liable to pay to the United States the said sum of $7,828, the value of said merchandise; that the premises are within the admiralty and maritime jurisdiction of this court; and that the vessel became holden for the penalties so incurred by the master, and liable to be seized and proceeded against summarily in this court for recovery of the same, according to the provisions of the 8th section of the said act of July 18, 1866. The information prays for a decree for the forfeiture against the master and against the vessel for $7,828 as a lien thereon, and that the vessel may be condemned and sold to satisfy the lien.

The owner of the vessel answers the information, and says that he is a subject of Great Britain and a resident of New Brunswick, and not a citizen of or resident in the United States. * * * He denies the statements of the information and excepts to it for the same reasons, and no other, contained in the answer of the owner of the vessel in the case against the Queen.

The answer of the master denies all the statements of the information, and excepts to it for the same reasons contained in the answer of the master in the case against the Queen. The case was tried, as respected both the vessel and the master, before the court without a jury as an instance cause in admiralty. The violation of law set forth in the information was clearly proved, and, for the reasons given in the decision against the Queen, the information must be dismissed as to the master with costs, and a decree must be entered against the vessel for the $7,828, with costs.